IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALBERT MERCADO CRUZ
Plaintiff
vs
UNITED STATES OF AMERICA
Defendant

CIVIL 16-1789CCC
(Related Cr. 10-0231-42CCC)

**OPINION AND ORDER**

Before the Court is petitioner's Motion to Vacate, Set Aside, or Correct Sentence (**d.e. 1**) pursuant to 28 U.S.C. § 2255, filed on April 21, 2016; the United States of America's Opposition (d.e. 9) filed on January 17, 2017; petitioner's Reply (d.e. 11) filed March 3, 2017; petitioner's First Supplemental Motion (**d.e. 15**) filed June 27, 2017; Second Supplemental Motion (**d.e. 20**) filed January 4, 2019; and Third Supplemental Motion (**d.e. 21**) filed April 18, 2019; and the United States' Opposition to Supplemental Motions (d.e. 24) filed August 21, 2019. Also before the Court is petitioner's Motion for Reconsideration (**d.e. 16**) of the Court's Order (d.e. 14) denying petitioner's request for an evidentiary hearing.

**I. BACKGROUND**

On June 22, 2010, petitioner Alberto Mercado Cruz was indicted on five counts in 10-CR-231-CCC-42 (Criminal No. 10-231, d.e. 1). Petitioner rejected proffered plea agreements and elected to go to trial. On the first day of trial, October 27, 2010, the United States filed an information pursuant to 21 U.S.C. § 851 alleging that defendant had four previous felony convictions for

drug-related offenses (Criminal No. 10-231, d.e. 965). As a result of the § 851 information, defendant faced a sentence of mandatory life imprisonment if convicted.

Jury trial was held in October and November of 2010 before the Honorable Judge José A. Fusté. On November 4, 2010, the jury found petitioner guilty of Count One, Conspiracy to Possess with the Intent to Distribute Narcotic Drug Controlled Substances, a violation of 21 U.S.C. §§ 841(a)(1), 846 and 860; Count Three, Aiding and Abetting in the Distribution of Cocaine Base, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(a), 21 U.S.C. § 860, and 18 U.S.C. § 2; and Count Four, Aiding and Abetting in the Distribution of Cocaine, a violation of the same (Criminal No. 10-231, d.e. 996).

At the sentencing hearing on June 20, 2011, the United States offered the defendant a final plea agreement. If defendant admitted guilt and waived his right to appeal, the United States would amend the § 851 information to allege only one previous felony drug conviction. (Criminal No. 10-231, d.e. 1888, pp. 13-15). This would result in a minimum sentence of twenty years rather than mandatory life imprisonment. Defendant rejected the offer. (Criminal No. 10-231, d.e. 1888, p. 27).

Petitioner's base offense level was determined to be 26 and his Criminal History Category was IV, resulting in a guideline sentencing range of 262 to 327 months (Criminal No. 10-231, d.e. 1888, pp. 29-30). United States Sentencing Guidelines, Ch. 5, Pt. A. Judge Fusté sentenced defendant to the mandatory sentence of life imprisonment required by statute as to Count One

and 262 months as to Counts Three and Four, to be served concurrently. (Criminal No. 10-231, d.e. 1794).

Defendant unsuccessfully appealed. United States v. Rivera-Rodriguez, 761 F.3d 105 (1st Cir. 2014). He subsequently filed the § 2255 motions now before the Court.

## II. RECONSIDERATION OF REQUEST FOR EVIDENTIARY HEARING

The petitioner has filed a Motion for Reconsideration (**d.e. 16**) as to the Court's denial of his Request for Evidentiary Hearing (d.e. 14). "When a petition is brought under section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing." United States v. McGill, 11 F.3d 223, 225 (1st Cir.). A "§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" Id. (citing Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)).

Petitioner has alleged new facts that diverge from those on the record, but none of these facts, if accepted as true, would entitle him to relief. Accordingly, petitioner's Motion for Reconsideration (**d.e. 16**) is DENIED.

## III.   FIRST MOTION FOR RELIEF

Petitioner's first Motion to Vacate, Set Aside, or Correct Sentence (**d.e. 1**) alleges ineffective assistance of counsel and impermissible participation by the Court in plea negotiations.

### A.   Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984), a "(1) petitioner must show that counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Argencourt v. United States, 78 F.3d 14 (1st Cir. 1996).  A defendant who claims ineffective assistance of counsel in relation to rejection of a plea offer must show that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial.  Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012).

The petitioner argues that trial counsel provided incorrect information about his sentencing exposure under a potential plea agreement, causing petitioner to go to trial instead of pleading guilty.  According to petitioner, his attorney advised him that "regardless of what the plea offer term of imprisonment stated . . . [n]one of it would have matter[ed] because the Petitioner was a Career Offender, and he was facing a sentencing range of 360 months to life." (d.e. 1-1).  Petitioner states that, believing he would be sentenced to at least 360 months even if he plead guilty, he chose to proceed

to trial. The record does not support this version of events: trial counsel encouraged defendant to take a plea offer of seventy-seven to ninety-six months of imprisonment "[u]p to and including the first day of trial," and convinced the United States to delay the filing of an information which would trigger a mandatory life sentence in order to give the defendant a final chance to plead guilty. Rivera-Rodriguez, 761 F.3d at 109.

Petitioner also argues that trial counsel allowed a plea offer of 40 months to expire. There is no evidence of such a plea offer on the record.

Assuming, *arguendo*, that defense counsel's performance as the plea process fell below an objective standard of reasonableness, petitioner must show that he would have plead guilty but for counsel's errors. Throughout the case, petitioner made it clear that he would not plead guilty. Even after petitioner had already been found guilty by a jury, he went on to refuse a plea deal offered at his sentencing hearing: "I would like for you to dictate sentence. I ain't going to accept no responsibility in this, Your Honor." (Criminal No. 10-231, d.e. 1888, p. 27). Due to these facts, petitioner has failed to show that he would have plead guilty but for counsel's alleged errors. Accordingly, petitioner's claims as to the ineffectiveness of trial counsel must fail.

Petitioner also alleges that his appeals counsel provided ineffective assistance by failing to adopt an argument on appeal brought by co-defendant Carlos Rodríguez Rivera. Rodríguez Rivera's appeals counsel argued that the judge improperly intervened on four occasions during trial: the judge twice "emphasized to the jury the truth-telling obligations of the cooperating

witnesses"; "asked a leading question to help establish the proximity of Rivera–Rodriguez's house to the location where the lookouts were stationed;" and "suggested that the prosecutor accurately recounted an inconsistency in the defendant's case." Rivera-Rodriguez, 761 F.3d at 123. The Court of Appeals found that these interventions "impermissibly gave the appearance of judicial bias to the jury", and that "[w]ithout those improper interventions, there is a reasonable probability that Rivera-Rodríguez would not have been convicted." Id. As a result, the Court of Appeals vacated Rodríguez Rivera's conviction.

Petitioner argues that had his counsel adopted this argument, the Court of Appeals would have found in his favor as well. Assuming, *arguendo*, that counsel's failure to adopt this argument fell below an objective standard of reasonableness, petitioner's ineffective assistance claim still fails at the second prong of the Strickland test. In ruling in favor of Rodríguez Rivera, the Court of Appeals found that it was the "cumulative effect" of the judge's interventions that created the appearance of judicial bias. Id. at 122-123. However, of the four judicial interventions cited by the Court of Appeals, only two were relevant to petitioner's case, creating a necessarily weaker cumulative effect. Further, the Court of Appeals entered the following footnote in reference to the applicability of Rivera Rodríguez's argument to petitioner:

> To the extent that Mercado-Cruz attempts to adopt Rivera-Rodríguez's argument that the improper judicial intervention rendered his trial fundamentally unfair, we decline to entertain the argument. We have long held that co-defendants cannot simply adopt each others' arguments wholesale. "[T]o be meaningful, the arguments adopted must be readily transferrable from the

>   proponent's case to the adopter's case." United States v. David, 940 F.2d 722, 737 (1st Cir.1991). The case against Mercado-Cruz was markedly stronger than the case against Rivera-Rodríguez.

Id. at 130, fn. 21.

Petitioner has failed to show that there is a reasonable probability the Court of Appeals would have ruled in his favor if appeals counsel had presented the judicial bias argument. Accordingly, his ineffective assistance of counsel claim as to appeals counsel must fail.

### B.    **Judicial Intervention in Plea Negotiations**

Petitioner's second claim alleges that the judge inappropriately intervened in plea negotiations taking place at the beginning of his sentencing hearing. Petitioner has defaulted this claim by failing to raise it at either the trial or appellate level. Even if considered on the merits, petitioner's claim would fail.

Fed. R. Crim. P. 11(c)(1) states that "the court must not participate" in discussions to reach a plea agreement. However, the remedy for Rule 11 violation is not automatic vacatur of a sentence or conviction. United States v. Davila, 569 U.S. 597 (2013). When a Rule 11 violation is brought to the trial court's attention, a harmless error standard applies, and the government has the burden of showing that the violation did not affect defendant's substantial rights. Id. at 607; Fed. R. Crim. P. 11(h); 52(a). If the error is not brought to the trial court's attention, the burden shifts to the defendant to show that the

CIVIL 16-1789CCC 8
(Related Cr. 10-0231-42CCC)

error affected his substantial rights. <u>Davila,</u> 569 U.S. at 607; Fed. R. Crim. P. 52(b).

It is clear from the sentencing transcript that the sentencing judge inappropriately intervened in the plea negotiation process by pressuring petitioner to take a plea deal. Examples of the judge's inappropriate intervention follow:

> THE COURT: How can you be so narrowminded as to not accept what they are offering you?
>
> THE DEFENDANT: Because it's obvious that I went to trial and –
>
> THE COURT: Well, don't you think -- don't you see the consequence of what you want to do? I'm trying to avoid giving you a life sentence, but you don't want to make your part. All they're asking you is to do three things, accept your guilt, waive your right to appeal, and consent to the amendment of the 851.
>
> You mean to tell me that you are so innocent that you think that you're going to get away in the Court of Appeals with this conviction? You really think that's going to happen?
>
> THE DEFENDANT: Not -- sort of, but I have some statements that I would like for you to hear.
>
> THE COURT: I'll hear any statement, but first let's talk about the realities of this whole thing.
>
> THE DEFENDANT: Yes.
>
> THE COURT: Your lawyer and the prosecutor are trying to help you, and you are sinking yourself deeper into the hole every moment. You are not helping yourself, as if you really wanted to get a life sentence in this case, because you know very well what happened. You know what the evidence was. And you know that there's no way that the Court of Appeals is going to find you innocent or that they're going to reverse that conviction. There's no way. It's not going to happen. So what do you want to do? Walk away from here with a life sentence or walk away from here with a guideline sentence that is not life imprisonment?

(Criminal No. 10-231, d.e. 1888, pp. 16-17).

CIVIL 16-1789CCC 9
(Related Cr. 10-0231-42CCC)

> THE COURT: -- what do you want to do? Do you want to continue insisting in this suicidal venture of yours and get the life term, or do you prefer to use your brain and realize that you did wrong and that all you have to do is admit your guilt, waive your right to appeal, and pray that the Government amend the 851 so that you can get a guideline sentence? You tell me right now, what do you want me to do?
>
> THE DEFENDANT: I want you to dictate sentence like --
>
> THE COURT: What?
>
> THE DEFENDANT: I would like for you to dictate sentence. I ain't going to accept no responsibility in this, Your Honor.
>
> THE COURT: You're not accepting responsibility?
>
> THE DEFENDANT: No, with all respect.
>
> THE COURT: Okay. That's it. I hardly ever -- you know, you have here now three people in this courtroom who are willing to help you out, Mr. Lincoln, the Assistant U.S. Attorney, and the Judge; but you are of such a mind that you don't want that help. So we're not going to give it to you then, because we can't shove it down your throat, that's for sure. So we're going to proceed.

(Criminal No. 10-231, d.e. 1888, p. 27).

However, petitioner has not shown that these statements affected his substantial rights. The United States offered a plea agreement for twenty years of incarceration, with the condition that petitioner waive his right to appeal. (Criminal No. 10-231, d.e. 1888, p. 14). Petitioner did not accept this plea. (Criminal No. 10-231, d.e. 1888, p. 27). Petitioner argues that he would have been willing to accept the offer on the condition that he retain his right to appeal, and that the judge should have ordered "a pause in the sentencing proceedings to allow for a short recess to promote private facilitation of the plea negotiation process." (d.e. 1-1). Petitioner was in the extraordinary

CIVIL 16-1789CCC 10
(Related Cr. 10-0231-42CCC)

CIVIL 16-1789CCC                      10
(Related Cr. 10-0231-42CCC)

position of being offered a plea deal for a reduced sentence even after being convicted at trial. There is no evidence that further plea negotiation was possible at this stage. The United States Attorney even stated that petitioner had to accept the plea "right this second." (Criminal No. 10-231, d.e. 1888, p. 15).

In addition, petitioner has not shown that the judge was biased against him at trial or in imposing sentence as a consequence of his refusal to plead guilty. The judge's interventions occurred after petitioner had been found guilty at trial. At sentencing, the evidence shows that the judge imposed the required mandatory life sentence as to Count One and issued a concurrent sentence of 262 months as to the other three counts – the shortest option under the guideline range provided by petitioner's base offense level and criminal history score. (Criminal No. 10-231, d.e. 1888); United States Sentencing Guidelines, Ch. 5, Pt. A.

The comments of the sentencing judge violated Rule 11(c)(1) and undermined the Court's appearance of neutrality and impartiality. However, as petitioner has not shown that his substantial rights were affected, he is not entitled to relief.

## IV.    FIRST SUPPLEMENTAL MOTION

In a First Supplemental Motion (**d.e. 15**) filed June 22, 2017, petitioner raised a new claim under Mathis v. United States, 136 S.Ct. 2243 (2016),

alleging that his past convictions should not have resulted in a sentencing enhancement.

The Antiterrorism and Effective Death Penalty Act (AEDPA) sets a one year statute of limitations for 28 U.S.C. § 2255 motions. The statute of limitations begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Petitioner's judgment became final on March 23, 2015, meaning § 2255 motions were due by March 23, 2016. The First Supplemental Motion was filed in June 2017, more than a year after the passage of the deadline.

FRCP 15(c) permits an amended pleading to "relate back" to the initial pleading for the purpose of statutes of limitations if the new claim "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c). In the context of a *habeas* petition, the new ground for relief and the original pleading must be supported by the same "common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005). It not enough for claims to merely "relate to the same trial, conviction, or sentence as a timely filed claim." Id. at 662.

Petitioner's original pleading alleged ineffective assistance of counsel during plea negotiations and on appeal, and that the judge improperly intervened in the plea negotiation process at sentencing. Petitioner's new Mathis claim alleges improper application of a sentencing enhancement, and therefore does not share a common core of operative facts with the original

pleading. Accordingly, the Mathis claim does not "relate back" to petitioner's first § 2255 motion.

A new one-year statute of limitations is triggered when "the right asserted [is] initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). However, the First Circuit has held that Mathis "did not announce a new, retroactively applicable rule." See Dimott v. United States, 881 F.3d 232, 237 (1st Cir. 2018). Accordingly, the Mathis decision did not reset the clock for petitioner's § 2255 claim – and even if petitioner had filed a timely claim, Mathis does not apply retroactively to his case.

For the foregoing reasons, the claims set forth in the First Supplemental Motion (**d.e. 15**) are barred as untimely.

## V. SECOND SUPPLEMENTAL MOTION

Petitioner's Second Supplemental Motion (**d.e. 20**) raises a new claim that the Court violated 21 U.S.C. § 851(b). Specifically, petitioner alleges that the sentencing judge failed to conduct a colloquy informing him of his ability to challenge prior convictions. The motion was filed on January 4, 2019, almost three years after the expiration of the § 2255 deadline on March 23, 2016. Plaintiff argues that the Motion relates back to his First Supplemental Motion, which the Court has already found untimely. Accordingly, petitioner's § 851(b) claim is time-barred.

Even if it were not time-barred, the claim would fail on the merits. It is undisputed that the Court failed to comply with 21 U.S.C. § 851(b), which requires:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

However, 21 U.S.C. § 851(e) prevents challenges to the validity of prior convictions occurring more than five years before the filing of the § 851 information. Each of the four convictions petitioner seeks to challenge was entered in 1994 or 1995, approximately fifteen years before the § 851 information was filed with the trial court on October 27, 2010 (13-CR-231-42CCC, d.e. 965). Any error in failing to perform the colloquy is harmless, as petitioner was barred by § 851(e) from challenging the prior convictions. Accordingly, the claims raised in petitioner's Second Supplemental Motion (**d.e. 20**) must be DENIED.

## VI. THIRD SUPPLEMENTAL MOTION

Petitioner's Third Supplemental Motion (**d.e. 21**) raises a new claim under the First Step Act. He seeks retroactive application of sentencing amendments made at Section 401 of the Act. However, Section 401(c) provides that "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for

CIVIL 16-1789CCC 14
(Related Cr. 10-0231-42CCC)

the offense has not been imposed as of such date of enactment." Pub. L. 115-391 § 401(c). Petitioner was sentenced on June 20, 2011, long before the enactment of the First Step Act on December 21, 2018. Accordingly, he is not eligible for relief under the First Step Act, and this Third Supplemental Motion (**d.e. 21**) must be DENIED.

## VII. CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## VIII. CONCLUSION

For the foregoing reasons, petitioner Alberto Mercado Cruz's Motion to Vacate, Set Aside, or Correct Sentence (**d.e. 1**); the claims raised in his Supplemental Motions (**d.e. 15; d.e. 20; d.e. 21**) and his Motion for Reconsideration (**d.e. 16**) are DENIED. Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on September 30, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge